**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Southern District of Texas

Case number (*If known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Faxon Enterprises, Inc. d/b/a Henderson Fabrication |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 87-1425382 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 3107 Nichols Ave. | |
| Number     Street | Number     Street |
| | P.O. Box |
| Bay City     TX     77414 | |
| City     State     ZIP Code | City     State     ZIP Code |
| Matagorda County | **Location of principal assets, if different from principal place of business** |
| County | Number     Street |
| | City     State     ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**
   - ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page 1

Debtor    Faxon Enterprises, Inc. d/b/a Henderson Fabrication      Case number (*if known*) _____

Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*
- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

3323

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes.   District _____   When _____   Case number _____
                                       MM / DD / YYYY
         District _____   When _____   Case number _____
                                       MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- ☑ No
- ☐ Yes.   Debtor _____   Relationship _____
         District _____   When _____
                                         MM / DD / YYYY
         Case number, if known _____

Debtor   Faxon Enterprises, Inc. d/b/a Henderson Fabrication        Case number (*if known*)_____
          Name

| 11. | **Why is the case filed in *this district*?** | *Check all that apply:*<br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
|---|---|---|
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>Where is the property?_____<br>                Number      Street<br>_____<br>_____<br>City                State     ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>       Contact name _____<br>       Phone _____ |

### Statistical and administrative information

| 13. | **Debtor's estimation of available funds** | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|---|
| 14. | **Estimated number of creditors** | ☑ 1-49              ☐ 1,000-5,000            ☐ 25,001-50,000<br>☐ 50-99            ☐ 5,001-10,000          ☐ 50,001-100,000<br>☐ 100-199         ☐ 10,001-25,000        ☐ More than 100,000<br>☐ 200-999 |
| 15. | **Estimated assets** | ☐ $0-$50,000            ☑ $1,000,001-$10 million      ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000      ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000     ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million     ☐ $100,000,001-$500 million   ☐ More than $50 billion |

Debtor  Faxon Enterprises, Inc. d/b/a Henderson Fabrication  Case number (*if known*)_____
          Name

| 16. **Estimated liabilities** | ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/24/2024
             MM / DD / YYYY

✗ /s/ James E. Faxon                     James E. Faxon
Signature of authorized representative of debtor    Printed name

Title  Owner

18. **Signature of attorney**

✗ /s/ Nicholas Zugaro                    Date  03/24/2024
Signature of attorney for debtor                MM / DD / YYYY

Nicholas Zugaro
Printed name
Dykema Gossett PLLC
Firm name
5 Houston Center 1401 McKinney Street, Suite 1625
Number      Street
Houston                                  TX        77010
City                                     State     ZIP Code

713-904-6900                             nzugaro@dykema.com
Contact phone                            Email address

24070905                                 TX
Bar number                               State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **4**

**Fill in this information to identify the case and this filing:**

Debtor Name __Faxon Enterprises, Inc. d/b/a Henderson Fabrication__

United States Bankruptcy Court for the: __Southern District of Texas__

Case number (*If known*): _____

---

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors         12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❏ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❏ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❏ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❏ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❏ *Schedule H: Codebtors* (Official Form 206H)
- ❏ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❏ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ❏ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/24/2024__          ✘ __/s/ James E. Faxon_____
         MM / DD / YYYY                        Signature of individual signing on behalf of debtor

                                 __James E. Faxon_____
                                 Printed name

                                 __Owner_____
                                 Position or relationship to debtor

Official Form 202                     **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**Fill in this information to identify the case:**

Debtor name: Faxon Enterprises, Inc. d/b/a Henderson Fabrication

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Service Steel Warehouse Co, LP<br>PO Box 843965<br>Dallas, TX, 75284-3965 | Phillip<br>713-675-2631<br>sgarcia@servicesteel.org | Suppliers or Vendors | | | | 687,963.05 |
| 2 | Delta Steel Inc.<br>PO Box 849086 5th Floor<br>Dallas, TX, 75284-9086 | Mike Frahlman<br>713-635-1200<br>mfrahlman@deltasteel.com | Suppliers or Vendors | | | | 438,721.93 |
| 3 | Triple-S Steel Supply Co.<br>P. O. Box 301212<br>Dallas, TX, 75303-1212 | Martha Beecher<br>713-697-7105<br>marthab@sss-steel.com | Suppliers or Vendors | | | | 367,488.77 |
| 4 | Vulcraft, Inc.<br>P. O. Box 843379<br>Dallas, TX, 75284-3379 | Jennifer Rowland<br>281-251-8857<br>jrowland@vulcraft-tx.com | Suppliers or Vendors | | | | 261,911.00 |
| 5 | Brown Strauss Steel<br>2495 Uravan Street<br>Aurora, TX, 80011 | Cynthia Lansford<br>303-576-6225<br>Clansford@brownstrauss.com | Suppliers or Vendors | | | | 87,259.73 |
| 6 | Matagorda Co Tax Assessor-Collector<br>1700 7th Street Rm 203<br>Bay City, TX, 77414-5091 | 979-244-7670 | Taxes & Other Government Units | | | | 60,879.85 |
| 7 | Texas Comptroller of Public Accounts<br>P.O. Box 13528, Capitol Station<br>Austin, TX, 78711-3528 | 800-252-5555 | Taxes & Other Government Units | | | | 42,544.19 |
| 8 | Greater Yield, LLC<br>13355 Noel Road, Ste 1100<br>Dallas, TX, 75240 | Debbie Womack<br>214-707-6006<br>dwomack@greateryield.com | Services | Disputed | | | 23,585.02 |

Debtor    Faxon Enterprises, Inc. d/b/a Henderson Fabrication          Case number (*if known*)_____
               Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Grandy Structural, Inc.<br>75 Alachua Drive<br><br>Winter Haven, FL, 33884 | Richard Grandy<br>863-296-7830<br>Richard.GSI@outlook.com | Suppliers or Vendors | | | | 23,575.00 |
| 10 | Texas Stairs and Rails, Inc.<br>P.O. Box 111458<br><br>Houston, TX, 77293 | Yolanda Rivera<br>281-987-2115<br>yolanda@tsarinc.com | Suppliers or Vendors | | | | 21,150.76 |
| 11 | Blue Cross / Blue Shield of Texas<br>PO Box 660044<br><br>Dallas, TX, 75266-0044 | 800-445-2227 | Suppliers or Vendors | | | | 19,328.32 |
| 12 | Valmont Coatings Inc United Galvanizing<br>PO Box 850267<br><br>Minneapolis, MN, 55485-0267 | Deborah Cehand<br>713-466-4161<br>Deborah.Cehand@valmont.com | Suppliers or Vendors | | | | 17,409.33 |
| 13 | Sherwin-Williams<br>2900 Avenue F<br><br>Bay City, TX, 77414 | Holly Jarboe<br>979-245-9144<br>holly.j.jarboe@sherwin.com | Suppliers or Vendors | | | | 16,075.20 |
| 14 | TSC Logistics, LLC<br>111 Founders Dr, Ste 300<br><br>Baton Rouge, LA, 70810 | Darlene Landry<br>866-884-7447<br>Darlene@tsclogistics.com | Suppliers or Vendors | | | | 15,390.00 |
| 15 | Ohio Grating<br>5299 Southway St. Southwest<br><br>Canton, OH, 44706 | Catherine Brown<br>330-478-3604<br>cbrown@ohiogratings.com | Suppliers or Vendors | | | | 15,000.00 |
| 16 | American Express<br>PO Box 6031<br><br>Carol Stream, IL, 60197 | 800-528-2122 | Credit Card Debt | | | | 13,035.51 |
| 17 | American Anchor Bolt<br>13913 Buxley Street<br><br>Houston, TX, 77045 | 713-433-6099<br>mflajnik@americananchorbolt.com | Suppliers or Vendors | | | | 11,081.14 |
| 18 | Hodell-Natco Industries, Inc.<br>PO Box 74147<br><br>Cleveland, OH, 44194-4147 | Mark Betts<br>713-856-6800<br>markb@hodell-natco.com | Suppliers or Vendors | | | | 9,731.25 |
| 19 | Airgas USA, LLC<br>PO Box 676015<br><br>Dallas, TX, 75267-6015 | Todd Canard<br>918-551-4774<br>todd.canard@airgas.com | Suppliers or Vendors | | | | 6,644.00 |
| 20 | Controlled Automation, Inc.<br>PO Box 4590 C/O TX4068U<br><br>Toronto, ON, M5W 7B1 | Sheila Dujay<br>501-557-5109<br>sheila@controlledautomation.com | Suppliers or Vendors | | | | 5,618.52 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 2

**FAXON ENTERPRISES, INC.**
(a Texas corporation)

**ACTION BY WRITTEN CONSENT
OF THE SOLE DIRECTOR OF
FAXON ENTERPRISES, INC.**

The undersigned, being the sole director (the "Director") on the Board of Directors (the "Board") of Faxon Enterprises, Inc. (the "Company"), a Texas corporation, hereby consents to, authorizes and adopts the following resolutions, which shall be deemed to be effective as of the date set forth below:

**WHEREAS,** the Director has considered, among other things, the financial and operational condition of the Company, the Company's business on the date hereof, the assets of the Company, the current and long-term liabilities of the Company, the liquidity situation of the Company, the strategic alternatives available to the Company to address the fiscal condition of the Company, the effect of the foregoing on the Company's business, and the advice of management and the Company's legal and financial advisors;

**WHEREAS,** the Director has had the opportunity to consult with the management and legal and financial advisors of the Company and to fully consider each of the strategic alternatives available to the Company and, based on its analysis and available information, deems it advisable and in the best interests of the Company, its creditors and other parties in interest, that the Company file a voluntary petition for relief (the "Chapter 11 Case" and, together with any chapter 11 cases of the Company's affiliate(s), the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code");

**WHEREAS,** in connection with the Chapter 11 Cases, the Director deems it advisable and in the best interests of the Company to establish and create a position for the chief restructuring advisor (the "Chief Restructuring Advisor"), which shall be vested with the responsibility in advising the Director in, among other things (collectively, the "CRA Duties"): (i) consulting on all aspects of the Company's business activities and operations, including budgeting, cash management and financial management; (ii) opening and closing bank accounts; (iii) assisting with communications and negotiations with the Company's lenders, vendors and other stakeholders; (iv) reviewing daily operating activity, purchases, and expenses; (v) evaluating liquidity options including restructuring, refinancing, reorganizing, or a sale of the Company's assets; (vi) causing the Company to exercise its rights under certain agreements; (vii) reviewing historical and projected financial information, including operating results, capital structure and funding mechanics, for the Company and each of its affiliates; (viii) working with the Company to develop financial projections and a liquidity projection model to help assess capital needs; (ix) identifying and assessing potential restructuring alternatives; (x) attending hearings and providing information and analyses for inclusion in court filings and testimony related thereto; (xi) providing in-court testimony as representative of the Company, as may be required; (xii) supporting negotiations with the creditors and other constituents in the Chapter 11 Cases; (xiii) negotiating the terms of debtor in possession financing; (xiv) supervising the preparation of monthly financial reports, as required of a debtor in possession, and other financial reporting as may be required or

requested by the Office of the United States Trustee; assisting the Company with the preparation of any schedules, statements, debtor in possession financing budgets and other documents as may be required or prudent in the Chapter 11 Cases; assisting the Company in preparing, maintaining and monitoring cash flow projections and weekly variance analyses; (xvii) assisting the Company pursue a sale or other transaction through the Chapter 11 Cases, (a) working with the Company and its professionals to maximize the value of the Company's assets, (b) developing a plan for the marketing and sale of the assets of and/or to reorganize the Company, (c) providing financial advice and assistance to the Company in connection with a sale or other transaction, and (d) facilitating and conducting any auctions or other competitive bidding in connection with the sale of the assets of the Company; (xviii) pursuing litigation and claims the Company may have against other parties; (xix) negotiating, proposing and executing a plan of reorganization or liquidation as is appropriate in the Chapter 11 Cases, subject to approval by the Bankruptcy Court (defined below); and (xx) approving and executing any pleading or other papers and documents appropriate in the Chapter 11 Cases to be filed with the Bankruptcy Court or otherwise; and

**WHEREAS,** the Director has considered individuals and firms deemed suitable to serve as Chief Restructuring Advisor for the Company and competently perform the CRA Duties, and based on the Director's evaluation of potential candidates for Chief Restructuring Advisor and their respective qualifications, capabilities, and experience, deem Christopher Quinn, President and CEO of Quinn & Associates, LLC ("Quinn"), qualified and competent to serve as Chief Restructuring Advisor; and

**WHEREAS,** the Director has evaluated the financial condition of the Company and projected costs and expenses of maintaining operations and preserving assets of the Company and funding restructuring and/or liquidation costs through conclusion of the Chapter 11 Cases, and based thereon, have concluded that the Company may require additional funding, financing, or factoring of accounts receivable to cover anticipated costs and expenses ("DIP Financing") and, furthermore, that such funding may be unavailable without granting the lender(s) and/or factoring company certain favorable terms, including first-priority priming liens on assets of the Company, super priority administrative claims in the Chapter 11 Cases, and milestones for the completion of sale processes or other aspects of the Chapter 11 Cases;

**NOW, THEREFORE, BE IT RESOLVED,** that the Director shall be, and hereby is, authorized to cause the Company to retain Quinn as Chief Restructuring Advisor and to take any and all actions necessary or required under the terms of the Quinn engagement agreement, including, without limitation, the payment and replenishment of any retainers; and it is

**FURTHER RESOLVED,** that, in the judgment of the Director, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Petition") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Galveston Division, or such other court as the Director, shall determine to be appropriate (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be desirable under applicable law, and the Director, is authorized to perform any and all acts reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing; and it is

**FURTHER RESOLVED,** that the Director shall be, and hereby is, authorized and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions the Director deems necessary or proper to obtain such relief, including, without limitation, any actions necessary to maintain the ordinary course operation of the Company's business; and it is

**FURTHER RESOLVED,** that the Director shall be, and hereby is, authorized and directed, on behalf of the Company, to retain and employ the law firms of Dykema Gossett, PLLC and McGinnis Lochridge, LLP as general bankruptcy co-counsel to represent and assist the Company in carrying out its duties as debtor in possession under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, interests and obligations, including, without limitation, commencing the Chapter 11 Cases, filing any motions, objections, replies, applications or pleadings, and commencing, prosecuting and resolving any claims or causes of action arising out of, related to or in connection with the Chapter 11 Cases and/or resolution of any issues or liabilities or exercise of any rights of the Company in the Chapter 11 Cases or any related proceedings; and it is

**FURTHER RESOLVED,** that the Director, shall be, and hereby is, authorized and directed to execute and deliver on behalf of the Company any and all appropriate engagement or retention agreements for Dykema Gossett, PLLC and McGinnis Lochridge, LLP, to pay any appropriate retainers due thereunder, and to cause to be filed in the Chapter 11 Cases an appropriate application for authority to retain the services of Dykema Gossett, PLLC and McGinnis Lochridge, LLP as general bankruptcy co-counsel in the Chapter 11 Cases; and it is

**FURTHER RESOLVED,** that the Director shall be, and hereby is authorized and directed, on behalf of the Company, to retain and employ Quinn as restructuring and financial advisor to represent and assist the Company and Director in carrying out their respective duties and obligations under the Bankruptcy Code and any associated engagement agreement(s), and to take any and all actions to advance the Company's rights, interests and obligations; and it is

**FURTHER RESOLVED,** that the Director shall be, and hereby is, authorized and directed to execute and deliver on behalf of the Company any and all appropriate engagement or retention agreements for Quinn, to pay any appropriate retainers due thereunder, and to cause to be filed in the Chapter 11 Cases an appropriate application for authority to retain the services of Quinn as restructuring and financial advisor and, to the extent necessary or advisable, Chief Restructuring Advisor in the Chapter 11 Cases; and it is

**FURTHER RESOLVED,** that the Director, without further resolution or authorization from the Board, shall be, and hereby is, authorized to retain or employ any other professionals or advisors deemed by the Director to be reasonable, advisable, expedient, convenient, proper or necessary to the efficient and expedient administration of the Chapter 11 Cases or any related proceedings, including, without limitation, investment bankers, accountants, special counsel, or local counsel; and it is

**FURTHER RESOLVED,** that the Director, shall be, and hereby is, authorized and directed to negotiate and obtain proposals for DIP Financing that the Director deems to be

reasonable, advisable, expedient, convenient, proper or necessary under the circumstances presented; and it is

**FURTHER RESOLVED,** that all acts lawfully done or actions lawfully taken or to be taken by the Company and/or Director in connection with the implementation of these resolutions, including any actions taken prior to the adoption of these resolutions, in all respects are hereby ratified, confirmed and approved in their entirety; and it is

**FURTHER RESOLVED,** that the Director, shall be, and hereby is, authorized to take or cause to be taken any and all such further actions, to execute and deliver any and all such further agreements, instruments, documents, and certificates, and to pay all expenses on behalf of the Company, as the Director deems necessary or advisable to effect the purpose and intent of the resolutions hereby adopted, the taking of such actions, the execution and delivery of such agreements, instruments, documents, and certificates by the Director to be conclusive evidence of his or her authorization hereunder and approval thereof; and it is

**FURTHER RESOLVED,** the Director, shall be, and hereby is, authorized and directed to execute and file with the appropriate governmental agencies of any jurisdiction they deem appropriate such documents as may be necessary or appropriate under the laws of any applicable jurisdiction; and it is

**FURTHER RESOLVED,** that any and all such actions heretofore taken and any and all documents, agreements, instruments, certificates, or instructions (however characterized or described) heretofore executed and delivered or filed and recorded, as the case may be, by the Director on behalf of the Company, in order to carry into effect the purpose and intent of these resolutions or the actions or transactions contemplated herein or hereby are ratified, adopted, approved, and confirmed in all respects; and it is

**FINALLY RESOLVED,** the Director, shall be, and hereby is, authorized and directed to take any and all actions, and to do all acts and things whatsoever, including incur any expenses, which may be necessary, advisable, appropriate, or proper to carry out and effectuate the purpose and intent of these resolutions.

**IN WITNESS WHEREOF,** the undersigned has executed this Action by Written Consent of the Sole Director of Faxon Enterprises, Inc. as of and effective on March ___, 2024.

_____
James E. Faxon, DIRECTOR